# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVON SHAWQWEN GREEN, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV419-080 |
| UNITED STATES OF AMERICA, | ) ) ) | CR415-133 |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to one count of carjacking and one count of brandishing a firearm during and in relation to a crime of violence, *see* doc. 55[1] (plea agreement); doc. 56 (judgment for 121 months' imprisonment), Davon Shawqwen Green neither appealed nor pursued habeas relief. He now moves under 28 U.S.C. § 2255 to vacate his sentence "following the Supreme Court of the United States' holding in *Sessions v. Dimaya*," __ U.S. __, 138 S. Ct. 1204 (2018). Doc. 60. That case, however, is inapplicable to Green's conviction, and thus preliminary § 2255 Rule 4 review shows that his motion must be **DENIED**.

---

[1] The Court is citing to the criminal docket in CR415-133 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

In *Dimaya*, the Supreme Court, relying on its reasoning in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), held that the definition of "crime of violence" set forth in 18 U.S.C. § 16(b)'s "residual clause" is unconstitutionally vague. But Green was sentenced pursuant to the Sentencing Guidelines. *See* doc. 50 (defense sentencing brief); Presentence Investigative Report. And the Sentencing Guidelines are "effectively advisory," *United States v. Booker*, 543 U.S. at 245 (2005), providing notice of an applicable statutory range, establishing permissible bounds of sentencing discretion, and enabling the court to "make an individualized assessment based on the facts presented" and other statutory factors, *Gall v. United States*, 552 U.S. 38, 49-50 (2007). In other words, they serve as "the framework for sentencing, but do not constrain that discretion." *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 894 (2017) (quotes and cites omitted). Because they "merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." *Id.* (nothing that the "advisory Guidelines [ ] do not implicate the twin concerns underlying vagueness doctrine -- providing notice and preventing arbitrary enforcement.").

Put differently, nothing in *Dimaya* helps Green. *See United States v. Ceasar*, __ Fed. App'x. __, 2019 WL 1110835 (11th Cir. Mar. 11, 2019) (affirming movant's conviction and sentence for using a firearm during a crime of violence, carjacking, over his argument that *Dimaya* and *Johnson* rendered 18 U.S.C. § 924(c) offenses unconstitutionally vague).[2] Even if it did, however, *Dimaya* has not been "made retroactively applicable to cases on collateral review," such that it would surmount the one-year statute of limitations found in 28 U.S.C. § 2255(f)(3).[3]  *E.g., Henderson v. United States*, 2018 WL 3536075 at *7 (S.D. Ga. July 23, 2018); *Lane v. United States*, 2018 WL 2976993 at *2 (S.D. Ga. May 21,

---

[2]  The Supreme Court recently granted *certiorari* to determine the constitutionality of § 924(c)'s residual clause. *See United States v. Davis*, No. 18-431, 2019 WL 98544 (Jan. 4, 2019).

[3]  As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2018). After all, judgment was entered on June 10, 2016, making Green's conviction final fourteen days later. *See* Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (judgment of conviction is final on expiration of deadline to file notice of appeal). He then had until June 24, 2017 (one year after that) to seek § 2255 relief. 28 U.S.C. § 2255(f). Green did not signature-file the present § 2255 motion, however, until March 31, 2019 -- nearly two years too late. Doc. 842 at 25. Movant offers no explanation for his failure to timely file his § 2255 motion.

Though the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case. Green has not alleged either the existence of "extraordinary circumstances" that prevented his timely filing the petition, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's *pro se* status nor ignorance of the law normally warrants equitable tolling), or

that he diligently pursued relief.  *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence").  His challenge is time-barred.

Accordingly, Green's § 2255 motion should be **DENIED**.  Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the

assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __18th__ day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA