```
IN THE UNITED STATES DISTRICT COURT FOR
     THE SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                        )<br>)<br>DAVON SHAWQWEN GREEN,     )<br>)<br>   Defendant.             )<br>_____) | CASE NO. CR415-133 |

## O R D E R

Before the Court is Defendant Davon Shawqwen Green's Motion for Compassionate Release/Reduction in Sentence (Doc. 75), which the Government opposes (Doc. 76). For the following reasons, Defendant's Motion (Doc. 75) is **DISMISSED IN PART** and **DENIED IN PART**.

### BACKGROUND

In February 2016, Defendant pleaded guilty to one count of carjacking and one count of brandishing a firearm during and in relation to a crime of violence. (Doc. 46.) Defendant was sentenced to 121 months' imprisonment. (Doc. 56 at 2.) According to the BOP website, Defendant is currently incarcerated at the United States Penitentiary ("USP") in Lewisburg, Pennsylvania with a projected release date of June 24, 2023. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on September 15, 2020).

**ANALYSIS**

Defendant seeks compassionate release due to the COVID-19 pandemic or to be placed on home confinement. (Doc. 75 at 2.) Defendant also claims to have exhausted all administrative remedies. (Id. at 3.) The Government opposes Defendant's request. (Doc. 76.) The court finds that Defendant's motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) should be denied.

I. HOME CONFINEMENT

First, to the extent Defendant is seeking an order from this Court placing him on home confinement, it is due to be dismissed. A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not

the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, No. 1911445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also Allen, No. 2:14-CR-024, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

II. COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's

3

warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in

4

combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that he has an increased risk of contracting COVID-19 due to the poor sanitation conditions at USP Lewisburg. (Doc. 75 at 1.) It is undisputed that Defendant has exhausted his administrative remedies. (Doc. 76, Attach. 1 at 1-3.) However, as noted by the Government, Defendant does not claim to have any medical condition that qualifies as an "extraordinary and compelling" reason justifying compassionate release. (Doc. 76 at 12.) Defendant has also not alleged that he is he is eligible for compassionate release due to his age or that Defendant has qualifying family circumstances. Rather, Defendant claims generally that the COVID-19 pandemic is an extraordinary and compelling circumstance under the catch-all provision of U.S.S.G. § 1B1.13 n.1(D). (Doc. 75 at 5-6.)

First, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society

5

and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."); United States v. Johnson, No. CR108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020) ("[Defendant's] generalized concern about possible exposure [to COVID-19] is at this point too speculative to qualify as extraordinary and compelling.").

Second, the Court finds that the COVID-19 pandemic does not fall within the catch-all provision of § 1B1.13 n.1(D). The catch-all provision provides: **"As determined by the Director of the [BOP]**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S.S.G. § 1B1.13 n.1(D) (emphasis added). However, "relief under Subsection (D) requires a finding from the BOP that the inmate has extraordinary circumstances that merit relief outside of those circumstances specifically enumerated in the policy." United States v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 1914956, at *4 (N.D. Ala. Apr. 20, 2020); see also United States v. Willingham, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019). "[B]ecause [Defendant] does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford [him]

6

relief," compassionate release is not justified at this time. Willingham, 2019 WL 6733028, at *2. As a result, Defendant's motion (Doc. 75) is **DENIED**.

## CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion for Compassionate Release (Doc. 75) is **DENIED**.

SO ORDERED this 16th day of September 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA